```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF GEORGIA
                          ATLANTA DIVISION
```

| | |
|---|---|
| REGINALD HOYLE, | |
| Plaintiff, | |
| | CIVIL ACTION FILE |
| v. | NUMBER: 1:22-cv-00488-SEG |
| JERRY R. MITCHELL, JR. D/B/A JR'S TOWING & RECOVERY, | |
| Defendant. | |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO EXCLUDE CAUSATION EXPERTS BECAUSE PLAINTIFF FAILED TO PROVIDE RULE 26 DISCLOSURES**

**I.   INTRODUCTION**

Defendant respectfully requests the Court to exclude all medical experts on the issue of causation of Plaintiff's alleged injuries because Plaintiff failed to identify them with a proper Rule 26 disclosure.

**II.  FACTS**

This personal injury action arises from a motor vehicle collision that happened December 23, 2020 on Camp Creek Road in Fulton County, Georgia. Amended Complaint ¶ 7, 8 and 9. [Doc. 7] Defendant admitted he caused the collision and is defending on proximate cause and damages. Answer to Amended Complaint ¶ 7-12. [Doc. 24]

Plaintiff claims he suffered injuries to his cervical, thoracic and lumbar spine, and was treating for traumatic brain injury due to head pain. Exhibit "1", Plaintiff's Response to Defendant's First Interrogatories and Request for Production of Documents to Plaintiff Reginald Hoyle, ¶ 2.

Plaintiff filed his Initial Disclosures March 8, 2022, [Doc. 4], and stated in Attachment B:

> **Emergency Responders from Grady EMS**
> **Plaintiff's treating providers, including but not limited to the following practices:**
>     **-Grady EMS;**
>     **-Grady Memorial Hospital;**
>     **-Peachtree Orthopedic Clinic;**
>     **-South Atlanta Neurology & Spine Clinic;**
>     **-Atlanta Neurology;**
>     **-Injury 2 Wellness Centers; and**
>     **-Onyx Imaging.**
> **Plaintiff's Life Care Planning Expert is Dr. Steve Barnett, B.S., D.C., CBIS**
> **Plaintiff is continuing to make every effort towards recovery from the injuries he sustained in the subject collision. Plaintiff will supplement any additional doctors whom he received future care from during the course of discovery.**

Plaintiff never supplemented his Initial Disclosures.

Plaintiff served his responses to Defendant's First Interrogatories and Requests for Production of Documents April 8, 2022, Exhibit "1", and his Third Supplemental responses September 2, 2022, Exhibit "2". In paragraph 24, Plaintiff responded as follows:

24.

>Have you employed any experts or technicians to test, examine or analyze any product, object, device or condition whatsoever in connection with the occurrence in questions? If so, as to each such expert or technician, please state the following:
>(a) his name, address and telephone number;
>(b) his profession or occupation and the field in which he claimed to be an expert;
>(c) a description of the product, object, device or condition examined or analyzed; and
>(d) whether you intend to call him as a witness at the trial of this action.
>
>**RESPONSE: Plaintiff may call his treating physicians. Plaintiff's life care planning expert is Dr. Steve Barnett, B.S., D.C., CBIS. His CV is attached hereto.**
>
>**SUPPLEMENTAL RESPONSE: Plaintiff has supplemented his Life Care Plan reported by Dr. Steven Barnett, Dr. Barnett's CV, additional bills and records from United Neurology, Peachtree Orthopedic and Peachtree Orthopedic Surgery Center, in his possession. Plaintiff reserves the right to supplement this response.**

In paragraph 25, Plaintiff responded as follows:

25.

>As to each expert or technician you intend to call as a witness at the trial of this action, state the subject matter on which he is expected to testify, state in detail the substance of the facts and opinions to which the expert is expected to testify and give a complete summary of the grounds for each opinion held as provided in Rule 26 of the Federal Rules of Civil Procedure.
>
>**RESPONSE: Plaintiff will supplement this response once Dr. Barnett's office produces his report.**

> **SUPPLEMENTAL RESPONSE: Plaintiff has supplemented his Life Care Plan reported by Dr. Steven Barnett, Dr. Barnett's CV, additional bills and records from United Neurology, Peachtree Orthopedic and Peachtree Orthopedic Surgery Center, in his possession. Plaintiff reserves the right to supplement this response.**

Plaintiff supplemented his responses to Defendant's discovery eight times, but only supplemented his response once to paragraphs 24 and 25 asking to identify experts and provide opinions. [Docs.18, 25, 37, 78, 79, 87, 90, and 105]

Discovery was extended multiple times on the parties' consent motions mainly due to additional time needed for the parties to obtain the records of Plaintiff's continued medical treatment and for expert discovery. [Docs. 38, 39, 46, 47, 59, 60, 64, 66, 69, 71, 74, 77, 84, 86, and 106] By this Court's order of October 10, 2023, discovery closed November 30, 2023. [Doc. 107]

**III. ARGUMENT AND CITAITON OF AUTHORITY**

    A. <u>**Plaintiff Must Identify Experts and Give Rule 26 Disclosures**</u>.

Rule 26 of the Federal Rules of Civil Procedure requires parties to make specific disclosures if they intend to call an expert witness at trial. Rule 26 provides as follows:

    **(a) Required Disclosures.**
    **(2)** *Disclosure of Expert Testimony.*

> **(C)** *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
>> **(i)** the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>>
>> **(ii)** a summary of the facts and opinions to which the witness is expected to testify.

Local Rule 26.2(C) for the Northern District of Georgia provides as follows:

> **Expert Witnesses.** Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.
>
> Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by Court order based upon a showing that the failure to comply was justified.
>
> Any party objecting to an expert's testimony based upon Daubert v. Merrell Dow Pharms. Inc., 509 U.S. 579, 113 S. Ct. 2786 (1993) shall file a motion no later than the date that the proposed pretrial order is submitted. Otherwise, such objections will be waived, unless expressly authorized by Court order based upon a showing that the failure to comply was justified.

In <u>Scarff Brothers v. Bullseye Dispatch, Inc.,</u> 2016 U.S. Dist. LEXIS 178170, the Honorable William C. O'Kelly held that

"if a party fails to disclose an expert in a timely fashion, it is typically precluded from offering that expert on a motion, at a hearing, or at trial." Id. At 4. See FRCP37(c) and LR 26.2(C), NDGa.  Judge O'Kelly held that the non-disclosing party has the burden to show "substantial justification or a harmless failure" and even if a witness may have been disclosed as a fact witness, a party is obliged to disclosed to his opponent the full nature of opinions that witness might offer as an expert.

Beyond this, Local Rule 26.2(C) eliminates the "harmless failure" standard, and mandates exclusion of the testimony as follows:  Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by Court order based upon a showing that the failure to comply was justified. Id. At 4.

In Sterling BV, Inc. v. Cadillac Products Packaging Co., 2020 U.S. Dist. LEXIS 255456 (2020), the Honorable Mark Cohen held the purpose of expert witness discovery rules was "to allow both sides in a case to prepare their cases adequately and to prevent surprise.  See generally, Reese v Herbert, 527 F.3d 1253, 1266 (11th Cir. 2008)." Id. At 12.  Judge Cohen held Cadillac completely failed to notify Plaintiff that Shahar was an expert until the last day for expert depositions.  The only

reason Cadillac gave was waiting to see if Plaintiff would designate an expert. Therefore, Judge Cohen excluded Cadillac's proposed expert witness.

In his initial disclosures and discovery responses, other than life care planner Steven Barnett, D.C., Plaintiff disclosed experts expected to testify only as "treating providers" and listed some of the practice names where he received treatment. Plaintiff completely failed to identify any specific witness by name, except Dr. Barnett. Other than the reports of Dr. Barnett, Plaintiff failed to disclose the subject matter on which any witness is expected to present evidence or a summary of the facts and opinions to which the witness is expected to testify, as required by F.R.C.P. 26 (a)(2)(C) and Defendant moves to exclude all such experts.

**IV. CONCLUSION**

Accordingly and for the foregoing reasons, Defendant respectfully requests the Court to EXCLUDE any expert opinions in this case that the December 23, 2020 accident caused Plaintiff's injuries because they were not properly disclosed under F.R.C.P. 26(a)(2)(C).

DENNIS, CORRY, SMITH & DIXON, LLP

/s/ *Grant B. Smith*
GRANT B. SMITH, ESQ.
Georgia bar number 658345

/s/ *M. Angela Cooper*
M. ANGELA COOPER, ESQ.
Georgia bar number 186164
For the Firm
Attorneys for Defendant

900 Circle 75 Parkway, Suite 1400
Atlanta, GA 30339
(404) 926-3659
(404) 365-0134 Facsimile
Gbs@dcplaw.com
Acooper@dcplaw.com

**CERTIFICATE OF SERVICE**

I electronically filed this **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO EXCLUDE CAUSATION EXPERTS BECAUSE PLAINTIFF FAILED TO PROVIDE RULE 26 DISCLOSURES** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Blake Fluevog, Esq.
> Morgan & Morgan of Atlanta, PLLC
> 178 S. Main Street
> Unit 300
> Alpharetta, GA 30009
> bfluevog@forthepeople.com

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: None.

This 29th day of December, 2023.

/s/ *M. Angela Cooper*
M. ANGELA COOPER, ESQ.
For the Firm

54-14419(GBS)