UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REGINALD HOYLE,

      Plaintiff,

      v.

JERRY R. MITCHELL, JR. D/B/A/
JR'S TOWING & RECOVERY,

      Defendant.

CIVIL ACTION NO.
1:22-CV-00488-SEG

## O R D E R

This case is before the Court on Defendant's Motion to Exclude Causation Experts Because Plaintiff Failed to Provide Rule 26 Disclosures. (Doc. 125.) Plaintiff has filed a response (Doc. 162) and Defendant has replied (Doc. 164.) After careful consideration, the Court issues the following order.

## I.   Background

This is a car accident case. Plaintiff Reginald Hoyle alleges that on December 23, 2020, Defendant Jerry R. Mitchell, Jr., rear-ended Plaintiff's vehicle while Plaintiff was stopped in traffic. A jury trial in this matter is scheduled for June 25, 2024, and the parties have filed several motions in limine. In the instant motion, Defendant seeks to exclude "any expert opinion[]" that the car accident at issue in this case caused Mr. Hoyle's injuries. (Doc. 125-1 at 7.)

The procedural history relevant to the motion is as follows.  On December 21, 2021, Plaintiff filed this lawsuit in the State Court of Fulton County.  On February 7, 2022, the case was removed to this federal court.  On March 8, 2022, Plaintiff filed and served his initial disclosures.  (Doc. 4.)  The form on which the initial disclosures were made indicated that Plaintiff should:

> [p]rovide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

(Doc. 4 at 2.)  The list that Plaintiff provided in response stated:

> Emergency Responders from Grady EMS
>
> Plaintiff's treating providers, including but not limited to the following practices:
>
> - Grady EMS;
> - Grady Memorial Hospital;
> - Peachtree Orthopedic Clinic;
> - South Atlanta Neurology & Spine Clinic;
> - Atlanta Neurology;
> - Injury 2 Wellness Centers; and
> - Onyx Imaging.
>
> Plaintiff's Life Care Planning Expert is Dr. Steve Barnett, B.S., D.C., CBIS
>
> Plaintiff is continuing to make every effort towards recovery from the injuries he sustained in the subject collision. Plaintiff will supplement any additional doctors whom he received future care from during the course of discovery.

(Doc. 4-2.) Plaintiff did not supplement his initial disclosures. It is undisputed that the only expert witness listed in his initial disclosures was Dr. Barnett, Plaintiff's life care planning expert.

In discovery, Defendant sought information about Plaintiff's planned use of experts via interrogatories and document requests. On April 8, 2022, Plaintiff served responses to Defendant's First Interrogatories and Requests for Production of Documents (Doc. 15). In paragraph 24 of Defendant's First Interrogatories and Requests for Production of Documents, Plaintiff was asked the following question and responded as follows:

> 24. Have you employed any experts or technicians to test, examine or analyze any product, object, device or condition whatsoever in connection with the occurrence in questions? If so, as to each such expert or technician, please state the following: (a) his name, address and telephone number; (b) his profession or occupation and the field in which he claimed to be an expert; (c) a description of the product, object, device or condition examined or analyzed; and (d) whether you intend to call him as a witness at the trial of this action.
>
> RESPONSE: Plaintiff may call his treating physicians. Plaintiff's life care planning expert is Dr. Steve Barnett, B.S., D.C., CBIS. His CV is attached hereto.

(Doc. 125-2 at 13.) On September 2, 2022, Plaintiff supplemented this response as follows:

> SUPPLEMENTAL RESPONSE: Plaintiff has supplemented his Life Care Plan reported by Dr. Steven Barnett, Dr. Barnett's CV, additional bills and records from United Neurology, Peachtree Orthopedic and Peachtree Orthopedic Surgery Center, in his possession. Plaintiff reserves the right to supplement this response.

(Doc. 125-3 at 7.)  In paragraph 25 of Defendant's First Interrogatories and Requests for Production of Documents, Plaintiff was asked the following question and responded as follows:

> 25. As to each expert or technician you intend to call as a witness at the trial of this action, state the subject matter on which he is expected to testify, state in detail the substance of the facts and opinions to which the expert is expected to testify and give a complete summary of the grounds for each opinion held as provided in Rule 26 of the Federal Rules of Civil Procedure.
>
> RESPONSE: Plaintiff will supplement this response once Dr. Barnett's office produces his report.

(Doc. 125-2 at 13-14.)  Plaintiff later supplemented the response as follows:

> SUPPLEMENTAL RESPONSE: Plaintiff has supplemented his Life Care Plan reported by Dr. Steven Barnett, Dr. Barnett's CV, additional bills and records from United Neurology, Peachtree Orthopedic and Peachtree Orthopedic Surgery Center, in his possession. Plaintiff reserves the right to supplement this response.

(Doc. 125-3 at 8.)  Defendant argues, and Plaintiff does not appear to deny, that (1) Plaintiff has not provided any Rule 26(a)(2)(B) expert report from anyone aside from Dr. Barnett; (2) Dr. Barnett has not disclosed any expert opinion regarding causation; and (3) Plaintiff has not provided any Rule 26(a)(2)(C) disclosure from any treating physician or other expert.

The discovery period in this case lasted for over one-and-one-half years. After the Court granted numerous requests to extend discovery, the discovery period concluded on November 30, 2023. (Doc. 107.)  Defendant filed the instant motion on December 29, 2023.

## II. Discussion

Defendant moves to exclude any opinion testimony by any expert witness as to whether the December 23, 2020, accident that is the subject of this case caused Plaintiff's injuries. Defendant argues that no expert who could offer such an opinion was properly disclosed under Rule 26(a)(1), Rule 26(a)(2)(B), or Rule 26(a)(2)(C).

Plaintiff responds that he "properly identified experts under Rule 26(a)(2)(C)" when he filed his initial disclosures, which listed various medical practices at which his treating providers worked. (Doc. 162 at 2.) He refers in his response brief to a "Dr. Marshall," who apparently treated Plaintiff at Regenerative Spine and Pain Specialists, and a "Dr. Pollydore," who is a physician at Peachtree Orthopedics. (Doc. 162 at 3; Doc. 162-3.) But his response appears to acknowledge that neither such doctor was listed by name in any pretrial disclosure. Further, Plaintiff does not appear to have provided any Rule 26(a)(2)(B) report nor any Rule 26(a)(2)(C) disclosure with respect to these or any other treating provider or expert (other than Dr. Barnett). For the following reasons, Defendant's motion is due to be granted.

### A. Legal Standard

Rule 26(a)(1) governs initial disclosure of individuals likely to have discoverable information. It states in relevant part:

(a) Required Disclosures.

(1) *Initial Disclosure.*

(A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information-along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

Fed. R. Civ. P. 26(a)(1)(A)(i).   Rule 26(a)(2)(A) governs disclosure of expert

testimony.   It states in relevant part:

(2) *Disclosure of Expert Testimony*.

(A) *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

Fed. R. Civ. P. 26(a)(2)(A).   The rules additionally provide that, unless

otherwise stipulated or ordered by the court, if the expert witness is one

retained or specially employed to provide expert testimony in the case, the

disclosure must be accompanied by a written report.   Fed. R. Civ. P.

26(a)(2)(B); *Cedant v. United States*, 75 F.4th 1314, 1321 (11th Cir. 2023).   Rule

26(a)(2) provides as follows regarding experts who are *not* required to provide

a written report:

(C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C)(i), (ii); *Cedant v. United States*, 75 F.4th at 1321 ("So if an expert witness does *not* need to file a Rule 26(a)(2)(B) report, then a party *does* need to file a Rule 26(a)(2)(C) disclosure on her behalf.").

A party must make expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Absent a stipulation or a court order, the disclosures must be made:

(i) at least 90 days before the date set for trial or for the case to be ready for trial; or

(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(D). If a party fails to identify a witness as required by Rule 26(a), the party is not allowed to use that information or witness at trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c). Additionally, the Local Rules of this Court state:

Expert Witnesses. Any party who desires to use the testimony of an expert witness shall designate the expert *sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness* sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.

Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by Court order based upon a showing that the failure to comply was justified.

LR 26.2(C), NDGa (emphasis added).

## B. Analysis

Pursuant to Local Rule 26.2(C), Plaintiff was required to disclose his expert witnesses before the close of discovery. *See, e.g., Sterling BV, Inc. v. Cadillac Prod. Packaging Co.*, No. 4:18-CV-209-MHC, 2020 WL 9814121, at *4 (N.D. Ga. Dec. 30, 2020) (quoting *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1310 (11th Cir. 2009); *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, No. 1:15-CV-1422-AT, 2017 WL 1806384, at *2 (N.D. Ga. Feb. 1, 2017); *Watkins v. KFC U.S. Properties, Inc.*, 1:09-CV-1007-JEC, 2011 WL 3875986, at *5 (N.D. Ga. Aug. 31, 2011). Except as to Dr. Barnett, Plaintiff did not do so. He listed the entities where he received treatment, but not the names of specific witnesses.

Plaintiff further has not disclosed any Rule 26(a)(2)(B) expert report as to any retained expert witness who will testify on causation. And while a treating physician is not required to submit a Rule 26(a)(2)(B) report when testifying on causation, he or she *is* required to file Rule 26(a)(2)(C) disclosures. *See Cedant*, 75 F.4th at 1325 ("Cedant was also right that such non-retained experts generally are not required to file a Rule 26(a)(2)(B) report simply because they are testifying on a specific subject, such as causation. By default, non-retained witnesses like these only need to file Rule 26(a)(2)(C) disclosures."). Defendant contends that no such disclosures have been provided and Plaintiff does not argue otherwise.

While Plaintiff states in a conclusory fashion that Defendant was "timely notified" regarding the existence of certain treating providers (*i.e.* Dr. Marshall and Dr. Pollydore) (Doc. 162 at 3), he does not say when or how he so notified Defendant, or what any such notification said.  The Court has been pointed to no document showing that Plaintiff disclosed, as to any treating physician, the subject matter on which the witness is expected to present evidence or a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

Accordingly, under Local Rule 26.2(C), Plaintiff is precluded from offering expert testimony on the issue of causation unless his failure to comply with the rules was justified.  *See* LR 26.2(C), NDGa.  Similarly, under Rule 37(c), Plaintiff is precluded from presenting expert testimony on causation unless his failure to timely comply with the disclosure requirements was substantially justified or harmless.  Fed. R. Civ. P. 37(c)(1).

Plaintiff has made no effort to show that his failures to disclose were either substantially justified or harmless.  In his initial disclosures and discovery responses, Plaintiff disclosed a single expert, Dr. Barnett.  In his initial disclosures, Plaintiff additionally lists certain clinics and medical centers where Plaintiff received care.  But he has not identified by name in his disclosures a single expert witness who was employed with any of these

providers.  Neither has he pointed the Court to any supplemental disclosure in which he did so.

Other than the report by Dr. Barnett,[1] Plaintiff has not provided any expert report.  Fed. R. Civ. P. 26(a)(2)(B).  Neither has he explained why he has not provided any disclosure under Fed. R. Civ. P. 26(a)(2)(C)(i) or (ii), as to any expert.  Plaintiff cites no authority for the proposition that merely listing the name of the medical office at which a litigant received care can constitute the disclosure of an expert witness and/or treating doctor under Rule 26(a)(1) and (a)(2).  Neither could such an approach be reconciled with the plain language of the rules.  See Fed. R. Civ. P. 26(a)(1) (requiring the disclosure of "*the name . . .of each individual* likely to have discoverable information"); Fed. R. Civ. P. 26(a)(2) (requiring disclosure of "*the identity of any witness* [plaintiff] may use at trial to present" expert testimony) (emphasis added).  In the months since Defendant filed the motion to exclude, Plaintiff has not taken any step to cure the deficiencies described in Defendant's motion.

---

[1] Dr. Barnett is a life care planning expert. The Court has reviewed Dr. Barnett's "Life Care Plan" (Doc. 127-2) and sees no reference to the issue of causation disclosed in his report. There is no indication elsewhere in the record that Plaintiff intends for Dr. Barnett to testify about causation.  Plaintiff does not argue otherwise.  Defendant has filed a separate motion to exclude Dr. Barnett's testimony.  That motion will be addressed in a separate order.

"Courts have broad discretion to exclude untimely expert testimony . . ." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019). While testimony as to causation is undoubtedly important to Plaintiff in this case, Plaintiff has given no reason for his failure to comply with the required disclosure requirements. The Court further finds that the failure to disclose expert testimony on causation is not harmless. The discovery period in this case has long since closed. The proposed pretrial order has been filed. The case is set for trial in approximately one month. It would cause Defendant prejudice to spring upon him at this late stage a set of expert opinions that have not been previously disclosed in this case. It is not clear to the Court which expert Plaintiff would even have testify on the issue of causation or what that expert would say. Because there have been no relevant expert disclosures as to causation, Defendant has not had a proper opportunity to seek discovery as to any expert opinion on causation. *See, e.g., Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (affirming the trial court's decision to strike an expert witness affidavit that was disclosed seven weeks after discovery closed, where the late disclosure "foreclosed the defendants' opportunity to depose [the expert] and to obtain an expert of their own."). Plaintiff's failure to comply with Rule 26(a)(2) was both unjustified and harmful to Defendant. It is therefore appropriate to exclude any expert witness testimony by Plaintiff on the issue of causation.

To be clear, Plaintiff's treating physician(s) may testify at trial. They may "testify as a matter of fact about the timing and results of his treatment of [plaintiff]." *Greer v. CSX Transportation, Inc.*, No. 1:22-CV-1233-CLM, 2024 WL 493904, at *4 (N.D. Ala. Feb. 8, 2024). They may testify as to other, relevant matters. But they may not opine as to whether Defendant caused Plaintiff's injuries. *See id.*

## III. Conclusion

For the reasons stated above, Defendant's motion to exclude any expert witness from offering testimony on the issue of causation (Doc. 125) is GRANTED.

**SO ORDERED** this 29th day of May, 2024.

SARAH E. GERAGHTY
United States District Judge