IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
CIVIL DIVISION

| | |
|---|---|
| **REGINALD HOYLE,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**JERRY R. MITCHELL, JR., d/b/a JR'S TOWING & RECOVERY,**<br><br>    **Defendant.** | **CIVIL ACTION FILE NO:**<br>**1:22-cv-00488-SEG** |

## PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION FOR DIRECT VERDICT

A motion for a directed verdict is governed by FRCP 50(a), which states that a directed verdict is only proper when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." The Supreme Court has found that the standard for summary judgment mirrors this standard. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250–51 (1986) ("Petitioners suggest, and we agree, that this standard [for summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict."). The standard for a directed verdict is governed by federal law, but the issue of causation will be governed by Georgia law in this diversity case.

Importantly, the Eleventh Circuit and Northern District of Georgia have both ruled against motions for summary judgment in cases that are weaker on the issue of causation than this case. To start, the Eleventh Circuit ruled against summary judgment in a case involving a low-speed car accident with a tractor trailer. *See generally* Cooper v. Marten Transport, Ltd., 539 Fed.Appx. 963 (2013). The district court excluded the testimony of Plaintiff's doctors regarding causation. Id. at 965–67. As a result, the plaintiff was left with only the sequence of events between the collision and his subsequent injuries to support the issue of causation. Id. at 967. Even with this being the case, the Eleventh Circuit overturned the lower court's decision to grant a motion for summary judgment. Id. The Eleventh Circuit held that "Georgia law allows a jury to infer a causal connection between an accident and a plaintiff's injuries based on the sequence of events, particularly in the case of automobile collisions." Id. at 968. Further, the Eleventh Circuit noted that "Georgia law allows the factfinder to draw a causal inference based on the temporal proximity between an accident and an injury." Id. Lastly, the Eleventh Circuit found that "whether the [plaintiff's] suffered new or aggravated back problems shortly after a low-speed collision with a tractor trailer is the type of question a lay jury could decide based on common knowledge." Id.

Next, this Court, the District Court for the Northern District of Georgia, denied a motion for summary judgment on the issue of causation in a case where the

only evidence of injury was the plaintiff's medical records from three days after incident. Martin v. Prospect Airport Services, Inc., 2022 WL 2192228 (2022). In this case, the plaintiff alleged that the defendant's employees were negligent in helping him disembark an airplane. Id. at 2. Plaintiff's foot hit a wall on the way out of the airplane allegedly causing a fracture to his lateral malleolus. Id. The plaintiff was a paraplegic with no feeling in his legs, and so he had felt no pain at the time of the incident. Id. In fact, the plaintiff never felt any pain caused by the incident. Id. The plaintiff only became aware of the fracture three days later when a physician x-rayed his foot. Id. Importantly, the physicians couldn't determine whether the fracture was acute or subacute, i.e. whether the fracture had happened within hours of the examination or within weeks of the examination. Id. at 3. Because of this, the only evidence that the Plaintiff presented supporting the issue of causation was his own testimony and the temporal sequence of events. Id. at 4.

This Court ruled that the temporal sequence of events alone was enough for a reasonable jury to find for the plaintiff. Martin v. Prospect Airport Services, Inc., 2022 WL 2192228, *4 (2022) ("Plaintiff has not supplied expert testimony to establish the cause of his injuries. He instead appears to rely on the temporal sequence of events. Which is appropriate. As 'a lay jury could conclude a causal connection exists between plaintiff's accident and his injuries based on evidence that temporally ties the accident to plaintiff's onset of symptoms and his receipt of

medical treatment.'"). This Court also held that expert evidence is only necessary where the issue of causation presents a specialized medical question where the link between a defendant's action and the plaintiff's injury is beyond common knowledge and experience, e.g. the potential continuance of a disease. Id. at 3. As such, this court held that "where the symptoms complained of emerge immediately or soon after the event alleged to have caused them, and it is common knowledge that such an event is one that could cause that kind of injury a reasonable jury could draw conclusions about proximate cause." Id.

Here, Defendant has not shown that the jury would lack a legally sufficient evidentiary basis to find for Plaintiff. In fact, Plaintiff finds himself in almost the exact same footing as the plaintiff in Cooper and in a much better position than the plaintiff in Martin. Both of these are summary judgment cases, but as the Supreme Court has noted in Liberty Lobby, the standards for summary judgment and a directed verdict mirror each other.

SEQUENCE OF EVENTS

To begin, the Eleventh Circuit explicitly stated that "Georgia law allows a jury to infer a causal connection between an accident and a plaintiff's injuries based on the sequence of events, particularly in the case of automobile collisions." This language applies to this case as much as it did in Cooper. The Plaintiff in this case

is in almost the same position on this issue as the plaintiff in Cooper in that both instances involved a back and/or neck injury that could be easily inferred from common knowledge as stemming from the vehicle collisions occurring before the injury. Importantly though, the Plaintiff here actually has a stronger case than the plaintiff in Cooper as the Plaintiff here immediately as testified to by both the Plaintiff and the Defendant that he "had a headache", it is documented in the crash report that he had neck complaints, EMS and Hospital records ALL strongly provide the "temporal causal connection that a jury could infer that his injuries were caused from the wreck.  Further, Plaintiff treating Chiropractor, Treating Doctors Dr. Marshall and Dr. Pollydore testimony and records in evidence continue this temporal causal connection to defeat this Motion for Directed Verdict.  In Cooper, Plaintiff only sought treatment for back pain later after the collision. As such, herein there is almost no denying that the collision with Defendant caused Plaintiff's pain, which directly led to the treatment for his injury, but in Cooper, the defense would have been able to argue that something else happened to cause the injury in between the collision and the treatment. Thus, there is a stronger argument regarding the causal connection for the Plaintiff here than there was in Cooper.

     Further, the plaintiff has a much stronger causation argument than the Plaintiff in Martin as it relates to the sequence of events between the collision and the injury. The doctors in Martin couldn't even determine if the fracture was acute or subacute,

and the plaintiff couldn't even pinpoint a time where pain would have started. The plaintiff relied solely on his own observation in tying the injury to the defendant in Martin. The plaintiff here has a much stronger case because he can pinpoint exactly when the pain started and was even taken to the hospital via EMS due to that pain. As a result, the causal connection here is much stronger than it was in Martin but even that case survived a motion for a directed verdict.

TEMPORAL SEQUENCE

Additionally, the temporal sequence of events here are clearer than they were in both Martin and Cooper. Here, the Plaintiff was immediately transported to the hospital after immediately feeling the pain from the collision. However, in Cooper, the plaintiff sought treatment sometime after the collision had occurred. Further, in Martin, the plaintiff waited for three days to seek treatment after the event that allegedly caused the injury. In fact, the plaintiff in Martin didn't even feel any pain as a result of the alleged cause of the injury. As such, the plaintiff in Martin was solely relying on his visual observation. Here, not only did Plaintiff immediately feel pain as a result of this collision, but he was transported to the hospital immediately following the collision. As a result, the temporal timeline in this case is more immediate and clearer to see using common knowledge than in Martin and Cooper.

NEED FOR EXPERT TESTIMONY

Lastly, this case clearly does not present an issue that would require an expert's opinion as found in Martin. As Martin pointed out, an expert's opinion is only required when it involves a specialized medical question where the link between a defendant's action and the plaintiff's injury is beyond common knowledge and experience. Further, as mentioned in Martin, "where the symptoms complained of emerge immediately or soon after the event alleged to have caused them, and it is common knowledge that such an event is one that could cause that kind of injury a reasonable jury could draw conclusions about proximate cause." Here, it is common knowledge that a vehicle crash could cause the neck and back pain that Plaintiff is dealing with in this case. In fact, we know this from Cooper as the court explicitly said, "whether the [plaintiff's] suffered new or aggravated back problems shortly after a low-speed collision with a tractor trailer is the type of question a lay jury could decide based on common knowledge." This is exactly the sort of case this is.

As a result, granting a motion for directed verdict in this case would be clearly be against the manifest weight of the evidence and should be Denied.

This 25th day of July, 2024.                    Respectfully submitted,

/s/ *Blake Fluevog*
Blake Fluevog
Georgia Bar No. 838726
Gregory J Bosseler
Georgia Bar No. 742496
*Attorneys for the Plaintiff*

11605 Haynes Bridge Rd, Suite 490
Alpharetta, GA 30009
770-576-7613
bfluevog@forthepeople.com
gbosseler@forthepeople.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served counsel for the opposing party in the action with a true and correct copy of the PLAINTIFF'S REPONSE TO THE DEFENDANT'S MOTION FOR DIRECT VERDICT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record and/or by depositing the same via USPS First Class Mail at the address below:

Grant B. Smith, Esq.
M. Angela Cooper, Esq.
Dennis Corry Smith & Dixon LLP
900 Circle 75 Parkway, Suite 1400
Atlanta, GA 30339

This 25th day of July, 2024.                    Respectfully submitted,

                                                */s/ Blake Fluevog*
                                                Blake Fluevog
                                                Georgia Bar No. 838726
                                                Gregory J Bosseler
                                                Georgia Bar No. 742496
                                                *Attorneys for the Plaintiff*

11605 Haynes Bridge Rd, Suite 490
Alpharetta, GA 30009
770-576-7613
bfluevog@forthepeople.com
gbosseler@forthepeople.com